IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH CLIFTON SMITH,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 05-00474-CG |
| | ) |
| | ) |
| **JEFFERSON S. DUNN,** | ) |
| **Commissioner, Alabama** | ) |
| **Department of Corrections,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court on a motion to compel an expert disclosure for Dr. Susan Ford that complies with Rule 26(a)(2) of the Federal Rules of Civil Procedure filed by Petitioner. (Doc. 95). Respondent filed a response in opposition (Doc. 98), to which Petitioner replied (Doc. 101). For the reasons set forth herein, the Court denies Petitioner's motion.

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2). Federal Rule of Evidence 702, 703, and 705 address expert witness testimony. Disclosure of any such witness must satisfy the minimum content criteria of Rule 26(a)(2), unless otherwise ordered by the court. *Id.*

A witness is qualified as an expert by "knowledge, skill, experience, training,

or education" and may provide opinion testimony if four enumerated criteria are satisfied. Fed. R. Evid. 702. Conversely, the testimony of a witness is considered lay witness testimony when it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

"The Advisory Committee explained that the purpose of the 2000 amendment that added subsection (c) to Rule 701 was 'to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing.'" *United States v. Hill*, 643 F.3d 807, 841 (11th Cir. 2011) (quoting Fed. R. Evid. 701 Advisory Comm. Notes). Petitioner contends that the testimony of Dr. Susan Ford, one of Respondent's disclosed witnesses, is not lay witness testimony but, in fact, expert testimony. (Doc. 95, p. 3). "The indication that Dr. Ford will be discussing IQ testing assessments and specifically the 'Flynn effect' suggest that her testimony will involve 'scientific, technical, or other specialized knowledge' based on her status as a psychologist." *Id.* at 4. Therefore, as to Dr. Ford, Respondent should amend his witness disclosure to comply with Rule 26(a)(2). *Id.*

But as the Eleventh Circuit Court of Appeals concluded, "Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences." *Hill*, 643 F.3d at 841. To this, Respondent

avers that Dr. Ford will not offer expert testimony but "merely testify to the fact that the Alabama Department of Mental Health and Mental Retardation does not utilize the 'Flynn effect' when it tests an individual to determine whether the individual qualifies for services from the Alabama Department of Mental Health and Mental Retardation." (Doc. 98, p. 2). This "very limited lay witness" testimony is not based on Dr. Ford's professional credentials. *Id.* at 1, 3. Instead, Dr. Ford's testimony is based on her personal "knowledge and participation in the day-to-day affairs" of her ex-employer, which falls outside the purview of Rule 702. *Id.* at 3.

Indeed, as the Advisory Committee Notes explain, "The amendment does not distinguish between expert and lay *witnesses,* but rather between expert and lay *testimony*." Fed. R. Evid. 701 Advisory Comm. Notes (emphasis in original). More simply, credentials alone do not make the expert; the testimony based upon the credentials make the expert. And, as the Eleventh Circuit found in *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.*, opinion testimony regarding the manner or method upon which a company takes action, which is based on particularized knowledge gained by a witness's employment, is properly treated as lay testimony. 320 F.3d 1213, 1223 (11th Cir. 2003).

Here, Petitioner's motion blurs the distinction between "lay and expert *testimony*" and "lay and expert *witnesses*." A distinct difference exists in (1) what Dr. Ford is aware the Department of Mental Health uses in day-to-day activities based on her status as an ex-employee and (2) what Dr. Ford may testify to as a

3

"mental health professional" regarding the impact of the "Flynn effect" on an intellectual disability determination. The former is the proper analysis based on Respondent's position that Dr. Ford is a "very limited lay witness." Surely Dr. Ford is able to answer what the Department of Mental Health uses based on her particularized knowledge gained in her position. That employees in other sections of the Department of Mental Health were or are unaware of whether the "Flynn effect" is utilized is of no accord. The Advisory Committee's language speaks to an individual witness's knowledge and not the knowledge of a collective body in deciding the applicability of Rule 701. Fed. R. Evid. 701 Advisory Comm. Notes; *see also Tampa Bay*, 320 F.3d at 1223 (applying Rule 701 based on the employee's personal knowledge, not company wide knowledge).

On the other hand, Dr. Ford's testimony as to what the "Flynn effect" is or its impact in rendering a decision as to an individual's intellectual disability is a different story. *See* Fed. R. Evid. 701 Advisory Comm. Notes ("If, however, that witness were to describe how a narcotic was manufactured, or to describe the intricate workings of a narcotic distribution network, then the witness would have to qualify as an expert under Rule 702) (citing *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997)). In such a case, Rule 26(a)(2)'s requirements would be triggered. But such a case is not before the Court because Respondent insists that Dr. Ford's testimony will not extend that far. Furthermore, Petitioner's argument as to the relevance of Dr. Ford's testimony regarding departmental

4

procedures is premature since the question at this juncture is whether Respondent's disclosure measures up.

Thus, the Court **DENIES** Petitioner's Motion to Compel (Doc. 95).

**DONE** and **ORDERED** this 5th day of April, 2017.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE