IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH CLIFTON SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 05-00474-CG |
| | ) |
| | ) |
| JEFFERSON S. DUNN, | ) |
| Commissioner, Alabama | ) |
| Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

# ORDER

This case is before the Court on Respondent's motion to alter or amend the judgment Pursuant to Rule 59(e). (Doc. 136). Respondent moves this Court to withdraw the order granting Joseph Clifton Smith's habeas petition as to his claim that he is intellectually disabled, and thus ineligible for the death penalty, and replace it with an order denying Smith's claim. Respondent claims that Smith failed to satisfy his burden of proving by a preponderance of the evidence that he has significantly subaverage intellectual functioning. Alternatively, Respondent argues that this Court should Reconsider its Order because it did not make clear and specific factual findings in ruling that Smith has significantly subaverage intellectual functioning.

A Rule 59(e) motion "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision". *Banister v. Davis*, 140 S.

Ct. 1698 (2020) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982)).  To succeed, a Rule 59(e) motion must be based on "newly-discovered evidence or manifest errors of law or fact." *Friedson v. Shoar*, 2021 WL 5175656, at *5 (11th Cir. Nov. 8, 2021) (quoting *Arthur v. King*, 500 F.3d 1343, 1343 (11th Cir. 2007) (quotation omitted)).  Respondent has not offered newly discovered evidence. Thus, the only grounds for granting the motion would be to correct manifest errors of law or fact.  "A manifest error is not just any error but one that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Marshall v. Dunn*, 2021 WL 3603452, at *1 (N.D. Ala. Aug. 13, 2021) (citation and internal quotations omitted). "Manifest error does not mean that one does not like the outcome of a case, or that one believes the court did not properly weigh the evidence." *Id.* (citation omitted).

In the instant case, Respondent attempts to make the same arguments about the same evidence that was raised prior to entry of judgment. A Rule 59(e) motion should be denied if it simply relitigates old matters and argues about evidence that was raised prior to the entry of judgment. *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 5 F.4th 1235, 1246 (11th Cir. 2021) (citing *Arthur*, 500 F.3d at 1343).  Rule 59(e) motions do not afford an unsuccessful litigant "two bites at the apple." *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir.1985).

Respondent asserts that Petitioner has not met his burden of proving by a preponderance of the evidence that he has significantly subaverage intellectual

functioning, significant or substantial deficits in adaptive behavior, and that both conditions were present at the time the crime was committed and manifested before age 18. Respondent's arguments focus primarily on the scores Petitioner received on the various tests Petitioner has taken throughout his life. Respondent appears to contend that the Court should change its ruling because the evidence shows Petitioner's IQ is above 70. However, as the Eleventh Circuit previously stated in this case,[1] Alabama does not employ a strict IQ cut-off score of 70. This Court reviewed the evidence regarding Petitioner's scores and after considering the standard error inherent in IQ tests, this Court found that it must consider additional evidence, including testimony on Petitioner's adaptive deficits, to determine whether Petitioner falls at the low end of the Borderline range of intelligence or at the high end of the required significantly subaverage intellectual functioning. This Court could not determine solely by Petitioner's scores whether he had significantly subaverage intellectual functioning. As this Court explained:

> a person with an IQ score above 70 may have such severe adaptive behavior problems in social judgment, social understanding, and other areas of adaptive functioning that the person's actual functioning is comparable to that of individuals with a lower IQ score.

(Doc. 135, PageID.4477) (quoting *Freeman v. Dunn*, 2018 WL 3235794 at *70 (M.D. Ala. July 2, 2018). For an individual to have significant or substantial deficits in adaptive behavior, he must have concurrent deficits or impairments in at least two skill areas. This Court found Petitioner had significant deficits in at least four

---

[1] See Doc. 72, PageID.957-958.

3

areas: social/interpersonal skills, self-direction, independent home living, and functional academics. (Doc. 135, PageID.4491). To the extent it was not clear in this Court's prior order, this Court clarifies that the evidence regarding Petitioner's adaptive deficits persuaded this Court that Petitioner's actual functioning is comparable to that of an individual with significantly subaverage intellectual functioning. Although Petitioner has scored above 70 on many of his IQ tests, his adaptive behavior problems are severe enough that his actual functioning is lower.

The Court finds that Respondent has not shown that the Court committed a manifest error of law or fact. Accordingly, Respondent's motion to alter or amend the judgment Pursuant to Rule 59(e) (Doc. 136) is **DENIED**. Respondent's alternative motion for reconsideration, which seeks a clarification of this Court's findings is **GRANTED only to the extent that the above discussion clarifies this Court's basis and/or reasoning.**

**DONE** and **ORDERED** this 30th day of November, 2021.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE